## Kellerman et al. v. City of Philadelphia et al.

*J. George Lipsius*, and *Samuel R. Wurtman*, for plaintiffs.

*Samuel Feldman*, for defendants.

ROSEN, J., October 26, 1938.—Plaintiffs are the owners of barber shops in the City of Philadelphia, and have brought this bill in equity to enjoin defendants from enforcing the provisions of section 10 of an ordinance of the City of Philadelphia adopted June 28, 1935, Ordinances and City Solicitor's Opinions, 1935, p. 281, as amended August 15, 1938, regulating the hours of opening and closing of barber shops in the City of Philadelphia. The pertinent portion of section 10 of this ordinance reads as follows:

"Sect. 10. Barber shops, barber schools and barber colleges shall not be open nor conduct business on any week day prior to eight o'clock ante meridian nor after eight o'clock post meridian; save and except that on Saturday they may continue to be open and conduct business until nine o'clock post meridian: *Provided, however,* That the Director of Public Health upon application of the proprietor of any barber shop and proof that barber service to the public so requires, may issue a permit for the operation of a particular barber shop at such hours beyond those above prescribed as in the opinion of the said Director of Public Health public necessity may require; such permit shall be for a period not exceeding one month and may be renewed upon further proof of the necessity therefor."

The authority of the City of Philadelphia to prescribe the hours of opening and closing of barber shops is predicated upon the provisions of section 15 of the Act of June 19, 1931, P. L. 589, as amended by the Acts of May

9, 1935, P. L. 158, and June 5, 1937, P. L. 1689. The pertinent portion of said section 15 reads as follows:

". . . and any municipality shall have power, by proper ordinances, to fix the days and hours during which barber shops in the said cities may be open for business: Provided, however, That in any such ordinance, provisions shall be made that a designated local health or police official may, upon application of the proprietor of any barber shop, and upon proof that barber service to the public so requires, issue a permit effective for a limited time for the operation of a particular barber shop, at such times outside of and beyond those fixed in the said ordinances, as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity."

The provisions of the original ordinance as adopted June 28, 1935, supra, relating to the hours for opening and closing barber shops in the City of Philadelphia came before the Court of Common Pleas No. 1 of Philadelphia County in the case of Joseph Nardello et al. v. City of Philadelphia et al., C. P. No. 1, March term, 1936, no. 6418, in which case the said court in an opinion by the Honorable George Gowen Parry determined that this section was unconstitutional, it being an attempt by the city under the guise of its police power to regulate the number of hours a barber shop may be open. In the course of the opinion Judge Parry said:

"It cannot be disputed that the number of hours a barber shop may be open bears no direct relation to the public health or safety; it cannot affect either of them in any way. Nor in our opinion is any reasonable relation established by the fact that inspection may be necessary to enforce the sanitary regulations. The contention that adequate inspection will be impossible if the shops are open at all hours is manifestly untenable; perhaps adequate inspection may require either a larger force of inspectors or a division of the force. These, however, are mere matters of convenience to the city, do not constitute

a standard for determination and afford no basis for an otherwise unwarranted interference with the use and control of the property of the complainants."

We are also of the opinion that the amended ordinance limiting the hours during which a barber shop may be open is unconstitutional for the reasons indicated in Judge Parry's opinion above quoted. We think, however, there is an additional reason why the amended ordinance is unconstitutional.

This ordinance gives the director of public health the power, upon a finding "that barber service to the public so requires," to issue a permit for the operation of a particular barber shop at hours beyond those prescribed in the ordinance as in the opinion of the director public necessity may require. This amounts to a delegation by the city to the director of public health of legislative power by permitting him to make laws in particular instances for the regulation of the hours during which a barber shop may be open for business. The only condition attached to his exercise of this power is the provision in the ordinance that he may do so "upon proof that barber service to the public so requires." If this condition is found to exist by him, there is nothing in the ordinance to limit his discretion to prescribe variations from the schedule of hours laid down in the ordinance. He is, so far as the ordinance is concerned, free to fix the hours in particular cases without any restraint. He may grant as little additional time as he pleases or permit the operation of the barber shop during a full 24-hour day. There is no standard set up for his guidance and no boundaries within which he must exercise his discretion. While the ordinance refers to "proof", there is no provision for a hearing, finding of fact, or appeal.

In the recent case of Holgate Brothers Co. et al. v. Bashore et al., 331 Pa. 255, our Supreme Court had before it the 44-hour week law of July 2, 1937, P. L. 2766, which fixed the maximum number of hours during which

any person may be employed in the State, with certain exceptions not pertinent here. This act in section 2(*b*) provided:

"Where the strict application of the schedule of hours provided for by this section imposes an unnecessary hardship and violates the intent and purpose of this act, the Department of Labor and Industry, with the approval of the Industrial Board, may make, alter, amend and repeal general rules and regulations prescribing variations from said schedule of hours".

The Supreme Court held this particular provision of the act unconstitutional as amounting to a delegation of power by a legislative body, and said of this provision at page 263:

"As to the delegation to the Department of Labor and Industry, the only condition precedent to the exercise of this extraordinary power to change the provisions of the statute and make its own law is expressed in the following words: 'Where the strict application of the schedule of hours provided for by this section imposes an unnecessary hardship and violates the intent and purpose of this act. . . .' If this condition is found to exist, the statute provides no limit to the exercise of the discretion of the Department with the approval of the Industrial Board to prescribe variations from the schedule of hours laid down in the act. This may be done by means of general rules and regulations which may be made, altered, amended and repealed at discretion. The Department is then free to fix the hours of labor in any industry, group of industries, or in individual cases, without any guide or restraint of any kind; the hours may be shortened to six a day or extended to ten or twelve a day. There is no policy set up, there are no standards, there are no boundaries within which the Department and the Board must exercise their discretion. There are no requirements for hearings, findings of fact with reasons for conclusions, or appeals. There is merely a naked authority given to the Department and the Board to make law

by general rules and regulations prescribing variations from the said schedule of hours, and to alter, amend or repeal such rules and regulations. The power to amend or repeal a statute is as much legislative in nature as the power to enact the statute. It is impossible to find any restrictive policy in such a grant."

So much of section 10 of the ordinance in question as gives the director of public health the right to issue a permit for the operation of a particular barber shop at times outside of the hours fixed by the ordinance is unconstitutional. Since the ordinance contains a severability clause, we might be led to the conclusion that only this proviso of the ordinance is unconstitutional, and that the remainder of section 10 fixing the hours for opening and closing of barber shops as being between the hours of 8 a.m. and 8 p.m. should remain in full force and effect, were it not for the fact that the right of the City of Philadelphia to pass an ordinance "to fix the days and hours during which barber shops" in the City of Philadelphia may be open for business is granted by the Act of June 5, 1937, P. L. 1689, sec. 7, on the express condition that the proviso in question should be contained in the ordinance. In the absence of such a proviso, it is our opinion that the municipality does not have the power to fix the days and hours during which the barber shops may remain open for business. Since we have concluded that with such a proviso the ordinance is unconstitutional, we must conclude that the right of the City of Philadelphia to regulate the hours of opening and closing barber shops under the guise of police power is unavailing. The ordinance provides penalties for failure to conform to its provisions.

For the foregoing reasons we think there is sufficient doubt regarding the constitutionality of the ordinance in question so as to warrant this court in granting the motion for a preliminary injunction. Counsel for complainants will, therefore, prepare an appropriate form of decree limited in its effect to the enforcement of the provi-

sions of section 10 of the ordinance in question so far as the hours during which barber shops in the City of Philadelphia may remain open for business.